Filed 7/1/25  P. v. Finnell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DAWONE ANTHONY FINNELL,<br><br>　　　Defendant and Appellant. | E082988<br><br>(Super.Ct.No. RIF1503019)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

In January 2016, Dawone Anthony Finnell pled guilty to robbery (Pen. Code, § 211; unlabeled statutory citations are to this code), carrying a concealed dirk or dagger (§ 21310), possession of an opium pipe or other drug paraphernalia (Health & Saf. Code, § 11364), and falsely identifying himself to a police officer (§ 148.9, subd. (a)). Finnell admitted that he had a prior robbery conviction (§ 667.9, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), a prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)(1)), and a prior prison term (§ 667.5, subd. (b)).

In February 2016, the trial court sentenced Finnell to 14 years four months in state prison, including three years for the robbery count, doubled to six years for the prior strike, one year four months for the concealed weapon count, two years for the prior robbery conviction, and five years for the prior serious felony conviction. The court imposed but stayed the additional one year for the prior prison term. The court also imposed a concurrent sentence of 180 days in county jail for the drug paraphernalia possession count and the false identification count.

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Finnell was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75. In December 2023, at a hearing that was conducted off the record but with counsel for both parties present, the court declined to resentence Finnell, finding that he was not eligible for resentencing under section 1172.75. The court then vacated the prior prison term enhancement, reimposed it, and struck the one-year punishment.

2

On appeal, Finnell argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed.  We agree.  The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.

DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed.  The matter is remanded to the trial court with directions to recall Finnell's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.